BGK:SMF
F. #2024R00069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

APPROXIMATELY $903,541.95 SEIZED FROM ACCOUNT NUMBER 1500997112 AT ULSTER SAVINGS BANK IN THE NAME OF MICHAEL B. MARTIN, AND ALL PROCEEDS TRACEABLE THERETO; and

APPROXIMATELY $537,105.51 SEIZED FROM ACCOUNT NUMBER 1500997121 AT ULSTER SAVINGS BANK IN THE NAME OF MICHAEL B. MARTIN, AND ALL PROCEEDS TRACEABLE THERETO,

        Defendants In Rem.

- - - - - - - - - - - - - - - - - - - - - - -X

VERIFIED COMPLAINT
IN REM

Civil Action No:

     Plaintiff, the United States of America, by its attorneys, JOSEPH NOCELLA, JR., United States Attorney for the Eastern District of New York, and Sean Fern, Assistant United States Attorney, of counsel, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

    1.    The United States of America brings this civil action in rem to forfeit and condemn to the exclusive use and benefit of the United States the above-captioned defendants in rem and all proceeds traceable thereto, pursuant to (a) Title 18, United States Code, Section 981(a)(1)(C) as property which constitutes or is derived from proceeds of offenses constituting a

"specified unlawful activity," to wit, the proceeds of the trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2342; and (b) Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering or attempted money laundering in violation of Title 18, United States Code, Sections 1956 and 1957.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that acts and omissions giving rise to the forfeiture occurred in Eastern District of New York.

## THE DEFENDANTS *IN REM*

4. The above-captioned defendants in rem consist of:

(a) approximately $903,541.95 seized from account number 1500997112 at Ulster Savings Bank in the name of Michael B. Martin, and all proceeds traceable thereto ("Account #7112"); and

(b) approximately $537,105.51 seized from account number 1500997121 at Ulster Savings Bank in the name of Michael B. Martin, and all proceeds traceable thereto ("Account #7121") ((a) and (b), collectively hereafter, the "Defendants In Rem").

5. On or about February 7, 2024, the Honorable Robert M. Levy, United States Magistrate Judge for the Eastern District of New York, issued seizure warrants for Account #7112 and Account #7121, finding probable cause to believe they contained funds which constitute or are derived from, directly or indirectly, the proceeds of trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342, as well as property involved in money laundering or attempted money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Pursuant to those warrants, the government seized $903,541.95 from Account #7112 and $537,105.51 from Account #7121.

Together, those seized proceeds constitute the Defendants In Rem. The Defendants In Rem are currently in the possession of the IRS-CI.

## STATUTORY BACKGROUND

6. Title 18, United States Code, Section 2342 makes it unlawful for any person to knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco.

7. Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense, or conspiracy to commit such an offense, which constitutes "specified unlawful activity," as defined in Title 18, United States Code, Section 1956(c)(7).

8. Pursuant to Title 18, United States Code, Section 1956(c)(7)(A), which incorporates Title 18, United States Code, Section 1961(1)(B) by reference, the term "specified unlawful activity" includes any criminal offense relating to trafficking of contraband cigarettes, in violation of Title 18, United States Code, Section 2342.

9. Pursuant to Title 18, United States Code, Section 1956, whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity; or knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source ownership or control of the proceeds of specified unlawful activity, commits a money laundering offense.

10. Pursuant to Title 18, United States Code, Section 1957, whoever, knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value

3

greater than $10,000, which is in fact derived from specified unlawful activity, commits a money laundering offense.

11.  Title 18, United States Code, Section 1956(h) prohibits conspiring to commit any offense defined in Title 18, United States Code, Sections 1956 or 1957.

12.  Pursuant to Title 18, United States Code, Section 981(a)(1)(A), all property, real or personal, involved in money laundering activity or attempted money laundering activity in violation of Section 1956 or Section 1957, is subject to forfeiture to the United States.

## THE INVESTIGATION

13.  The Internal Revenue Service-Criminal Investigation ("IRS-CI") has been investigating a scheme to launder approximately $1.5 million in cash, representing the proceeds of a conspiracy to traffic contraband cigarettes. The conspiracy was carried out by various individuals, including Michael Martin ("Martin").

14.  In or about October 2020, Martin contacted an IRS-CI confidential source ("CS-1") requesting CS-1's assistance in laundering $1.5 million, which CS-1 was told represented the sale of untaxed cigarettes at stores in New Jersey (the "NJ Stores").

15.  Between October 2020 and April 2021, CS-1 spoke to Martin. In sum and substance, Martin told CS-1 that he assisted a network of individuals with laundering the proceeds of the sales of untaxed cigarettes sold at the NJ Stores. Specifically, Martin admitted to CS-1 that Martin opened bank accounts in his own name at Ulster Savings Bank in New York, namely the Defendants In Rem. Martin further admitted to CS-1 that he deposited about $1.5 million of the illegal cash proceeds from the untaxed cigarettes sales derived from the NJ Stores into the Defendants In Rem. Martin also told CS-1 that he was paid $40,000 to launder these proceeds of the untaxed cigarettes.

16.     Records obtained from Ulster Savings Bank reveal that on October 1, 2020, Martin called Ulster Savings Bank and spoke to an assistant branch manager. Martin informed the assistant branch manager that he planned to open two personal bank accounts and was planning on depositing $900,000 into one of the accounts and $600,000 into the other account. Martin also informed the assistant branch manager that the funds would remain in the accounts for approximately one week. Further, Martin represented to the bank that the funds originated from an investor with whom Martin had worked.

17.     Law enforcement obtained records from Ulster Savings Bank show that on October 1, 2020, at approximately 2:30 p.m., Martin and a NJ Stores' co-owner entered an Ulster Savings Bank branch in New York and opened Account #7112 and Account #7121. Thereafter, they proceeded to make cash deposits into those accounts.

18.     Further, bank records for Account #7112 show that on or about October 1, 2020, approximately $900,000 in cash was deposited into the account and that Account #7112 accumulated approximately $3,541.95 in interest since October 1, 2020. Bank records also show that on or about October 1, 2020, Account #7121 received a cash deposit of approximately $575,000. Additionally, Martin transferred $40,000 from Account #7121 to a separate account at Ulster Savings Bank in Martin's name, and that Account #7121 accumulated approximately $2,105.51 in interest since October 1, 2020. Moreover, bank records for Account #7112 and Account #7121 show that no other deposits have been made into those accounts since October 1, 2020.

19.     Law enforcement also learned during the investigation that on or about October 5, 2020, Martin attempted to transfer approximately $100,000 from Account #7112 to an account at Chase Bank associated with the NJ Stores' co-owner that had a mailing address in Staten

Island, New York, and approximately $1,334,440 from Account #7212 to an account at Bank of America in Boston, Massachusetts.  In addition, at that time, Martin further requested a transfer of $435,000 from Account #7112 to Account #7212 to have a sufficient balance in the account to satisfy the transfer of $1,334,400.  However, Ulster Savings Bank declined to execute all of these transactions and froze the accounts because Martin failed to provide information about the source of the funds and information regarding the intended recipients of the attempted transfers.

20.     On or about February 23, 2024, IRS-CI interviewed a member of the cigarette trafficking network ("Individual-1").  Individual-1 indicated that he had been contacted by an owner of the NJ Stores.  This individual requested Individual-1's assistance in laundering the untaxed cigarette sale proceeds.  Individual-1 indicated that he thereafter elicited Martin's help to deposit those proceeds into Account #7112 and Account #7212.

21.     On or about July 2, 2024, IRS-CI interviewed Individual-1 again.  In that interview, Individual-1 indicated that, before the cash was deposited into Account #7112 and Account #7212, it was stored at the NJ Stores' co-owner's home in Staten Island, New York.

## FIRST CLAIM FOR RELIEF

22.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

23.     The Defendants In Rem represent property which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity" or conspiracy to commit such offenses, which includes a violation of 18 U.S.C. § 2342.

24.     As a result, the Defendants In Rem are liable to condemnation and forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

## **SECOND CLAIM FOR RELIEF**

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

26. The Defendants <u>In</u> <u>Rem</u> represent property involved in or traceable to a transaction or attempted transaction of money laundering, in violation of 18 U.S.C. §§ 1956 and/or 1957.

27. As a result, the Defendants <u>In</u> <u>Rem</u> are liable to condemnation and forfeiture to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A).

WHEREFORE, Plaintiff, the United States of America, prays that: the Clerk of the Court issue warrants for the arrest of the Defendants <u>In</u> <u>Rem</u>; due process issue to enforce the forfeiture of the Defendants <u>In</u> <u>Rem</u>; that due notice of these proceedings be given to all interested persons to appear and show cause why forfeiture should not be decreed; that this Court decree the Defendants <u>In</u> <u>Rem</u> be forfeited and condemned to the use of the United States of America for

disposition according to law; that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
October 16, 2025

                                      JOSEPH NOCELLA, JR.
                                      UNITED STATES ATTORNEY
                                      *Attorney for Plaintiff*
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

                By:   */s/ Sean Fern*
                         Sean Fern
                         Assistant United States Attorney
                         (718) 254-6195

## **VERIFICATION**

Jake Oriente hereby declares as follows:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read the Verified Complaint <u>in</u> <u>rem</u> in this action and know the contents thereof.

3. The matters contained within Verified Complaint <u>in</u> <u>rem</u> are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of the Internal Revenue Service and other law enforcement agencies.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated:   Brooklyn, New York
         October 8, 2025

*/s/ Jake Oriente*
Jake Oriente
Special Agent
Internal Revenue Service